[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding, which began as a partition action, returns before this court at this time on a motion for supplemental judgment and an objection thereto. The plaintiff has set forth a procedural history of the case as it relates to this proceeding, which the court finds necessary to set forth in substance herein.
The parties stipulated to a judgment in this partition lawsuit on or about July 17, 1995, (Riefberg, J.). Subsequently, the defendant sought to vacate the stipulated judgment by motion filed on November 2, 1995, upon which a hearing was held by the court, (Moraghan, J.) on or about December 4, 1995. The relief requested was denied. The defendant then filed an appeal in the Appellate Court, which appeal was argued on January 14, 1997. The Appellate Court promptly decided the case denying the defendant's appeal, and the judgment has been published in the Connecticut Law Journal on January 27, 1997.
The original stipulated judgment, entered and approved by the Honorable Morton I. Riefberg, Judge, on July 17, 1995, provided as follows:
 Now, in the event that she [the defendant] does not exercise her right to buy the house, and — and he [the plaintiff] is going to buy the house, and in the event that she does not vacate on October thirty f — on or before October the 31st, 1995, the plaintiff in this action shall be entitled to come to court for an immediate order of ejectment —
Funny how your mind goes blank.
 For an immediate order of ejectment to which they'll have no — There — There — There'll be no rights in the defendant to object on any basis.
 She waives any claim that she has to make any objections to the order of ejectment, and any and all legal fees, costs, expenses, or anything else that are incurred by the plaintiff as a result of having to get the order of ejectment and execute it shall be deducted from the twenty thou — thousand dollars, dollar for dollar. [Emphasis added.][1]
CT Page 4125
The court canvassed the parties and entered a judgment in accordance with their stipulation:
 Then, judgment — You're going to order a transcript and judgment shall enter in accordance with
That's the — your agreement, Ms. Perrotte?
MS. PERROTTE: Yes.
THE COURT: Mr. Hunt, that's your agreement?
MR. HUNT: Yes, Your Honor.
 THE COURT: Judgment shall enter in accordance with the stipulated agreement of the parties, and in the event the clerk needs anything, she'll have a transcript.
Thank you.[2]
The plaintiff incurred a substantial bill for services rendered by Norman J. Voog, Esq. because of the defendant's motions and appeals, to wit: (a) plaintiff's counsel defending the plaintiff against the motion to reopen judgment which was the defendant's attempt to avoid the plaintiff's request for an order of ejectment; (b) in defending the appeal taken by the defendant to the Appellate Court, including the filing of briefs and attendance at appellate conferences and oral arguments; (c) commencing and prosecuting to a conclusion two motions to terminate the stay of proceedings and the stay of the order of ejectment while the defendant pursued her appeal; (d) attending several hearings on the obtaining of orders of ejectment, and such other legal work as was necessary to obtain physical possession of the premises for the plaintiff and to cause the ejectment of the defendant from the premises, as well as the subsequent ejectment of her companion who claimed possession through the defendant.
Additionally, the plaintiff incurred sheriff's fees and other costs in reference to the above captioned matter including, without limitation, expenses to dispose of the defendant's trash and personal garbage and to pay for a dumpster, after the defendant vacated the premises. The plaintiff had to pay eight months mortgage payments after October 31, 1995, through and including June, 1996, because the defendant refused to leave the CT Page 4126 premises, which the plaintiff is entitled to recover from the defendant under the judgment.
The plaintiff has affixed a proposed settlement sheet detailing the totality of his claim against the defendant's share of funds held in escrow. Those funds, according to the transcript of the hearing on the partition action on July 17, 1995, were approximately forty-one thousand ($41,000) dollars. At the hearing, an agreement was announced wherein a judgment of partition by sale entered.
In that agreement was a highly significant provision with respect to costs of an order of ejectment, should such an order become necessary. That provision is the support the plaintiff claims for his present motion.
The language thereof is quite clear. To reiterate:
 She waives any claim that she has to make any objections to the order of ejectment, and any and all legal fees, costs, expenses, or anything else that are incurred by the plaintiff as a result of having to get the order of ejectment and execute it shall be deducted from the twenty thou — thousand dollars, dollar for dollar.
The plaintiff has been required to expend substantial sums of money and exercise great effort to meet and overcome the defendant's tactics and schemes.
She has used every means at her disposal to prolong and frustrate the judicial process. Many, if not all of the matters she filed, as well as the appeal, were dilatory, if not frivolous, to say the least. The plaintiff has offered evidence through the testimony of an expert witness, as to the reasonableness of his counsel's hourly rate of three hundred ($300) dollars per hour. The court finds the rate reasonable and necessitated by the vexatious acts of the defendant.
The defendant has offered no evidence to rebut the plaintiff's claim. Her only effort in opposition was an argument that these expenses did not all flow from the order of ejectment and any and all legal fees, costs and expenses incurred by the plaintiff. However, that argument was hardly worthy of consideration. It ignores the language "or anything else . . ." She cannot be permitted to avail herself of the expenses incurred CT Page 4127 by the plaintiff to overcome her obfuscatory and meritless attempts to harm the plaintiff.
The court further finds that the plaintiff has proven his claim for damages against the defendant and orders those damages paid from the defendant's share of the funds held in escrow. Those damages are found to be:
 Counsel fees $18,036.28 Mortgage payments (2) 1,302.96 Sheriff's fees 500.00 Refuse and dumpster costs 160.76 ---------- TOTAL $20,000.00
Judgment may enter accordingly.
Moraghan, J.